IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DOUGLAS N. LANE,

      Plaintiff,

  v.

CHELSEA GORUP, *et al.*,

      Defendants.

Case No. 3:22-cv-00132-SLG-KFR

**SCREENING ORDER**

  On May 24, 2022, Douglas N. Lane, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint Under The Civil Rights Act, 42 U.S.C. § 1983, a Prisoner's Application to Waive Prepayment of the Filing Fee, and a civil cover sheet.[1] Subsequently, Plaintiff filed a 1) Letter to the Court, 2) First Amended Complaint (hereinafter "Amended Complaint"), 3) Motion to Appoint Counsel, 4) Motion for Summary Judgment, and 5) Motion for Relaxation of the Rules.[2]

  The Court now screens Plaintiff's Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.[3] The Court will not address Plaintiff's letter as it is not in the form of a motion, nor is that the proper method by which to amend a complaint.[4]

//

---

[1] Dockets 1, 2, & 4.
[2] Dockets 5–9.
[3] *See* Fed. R. Civ. P. 15(a); Local Civil Rule 15.1; *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)) (stating "an amended complaint supersedes the original, the latter being treated thereafter as non-existent.").
[4] *See* Fed. R. Civ. P. 7(b) (A request to a federal district court must be made by a motion, which must 1) be in writing, 2) state with particularity the grounds or reasons, and 3) state the requested relief.); *supra* note 3.

## I. Screening Standard

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[5]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[7] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[9]

## II. Discussion

Plaintiff alleges due process violations pursuant to 42 U.S.C. § 1983 against three child support specialists with the State of Alaska's Child Support Services

---

[5] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Division. Plaintiff's Amended Complaint does not fully satisfy Rule 8 of Federal Civil Procedure pleading requirements as it relates to his demand for relief, nor does it fully meet the elemental pleading requirements of a civil rights action under § 1983, specifically as it relates to the capacity in which Defendants are sued and the relief Plaintiff seeks. Accordingly, the Court dismisses the Amended Complaint, but grants leave to amend in accordance with the guidance provided in this order.

### A. Amended Complaint

Plaintiff brings suit against Child Support Specialists Chelsea Gorup, Viola Hartley, and Paula Baker.[10] Plaintiff sues Defendants in their individual and official capacities.[11] Broadly, Plaintiff alleges that the implementation of his child support obligations violates his Fourteenth Amendment due process rights.[12]

In Claim One, Plaintiff alleges that from July 21, 2011, to July 1, 2022, Defendant Gorup, "along with an unknown justice," violated his right to due process.[13] Plaintiff alleges that "an invalid court order stemming from a secret hearing without any notice" imposed child support obligations on him pursuant to Alaska Statute 11.51.120(d).[14] Broadly, Plaintiff alleges that these child support obligations have been implemented "at random and not even used to the care of the children alleged"; "left my wife and I destitute and homeless"; imposed claims or liens on property; and "taken emergency relief money."[15]

In Claim Two, Plaintiff alleges that from May 23, 2006, to July 1, 2022, Defendant Hartley, "along with an unknown justice," violated his right to due process.[16] Plaintiff alleges that "[o]ver $40,000.00 [in child support has been] collected and $0 has been paid to my son and his mother causing [irreparable] injury

---

[10] Docket 5 at 2.
[11] *Id.*
[12] *Id.* at 3–5.
[13] *Id.* at 3.
[14] *Id.*
[15] *Id.*
[16] *Id.* at 4.

to a father son dynamic."[17] Plaintiff further alleges that the "agency" has placed liens on taxes, accounts, and his inherited lands, and that "[Defendant Hartley] has even allowed the collection of money not even owed . . . [and] has been collecting in part of California, Texas and Nevada based on the same ex parte proceeding described in claim 1."[18]

In Claim Three, Plaintiff alleges that from May 23, 2006, to July 1, 2022, Defendant Baker, "along with an unknown justice," violated his right to due process.[19] Plaintiff alleges Defendant Baker allowed "collections of money not even owed from multiple states."[20]

For relief, Plaintiff requests: 1) $56,000.00 in damages; 2) $2,500,000.00 in punitive damages; 3) an order to "close all cases and cease action return all property"; and 4) "pay all court and legal costs as well as taxes etc. Return all collected property."[21]

### B. Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately and identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. Importantly, a complaint must also include a demand for the relief sought.[22] This requires that a complaint articulate what relief a plaintiff requests, for example money damages, injunctive relief, or some other equitable remedy.

//

---

[17] *Id.*
[18] *Id.*
[19] *Id.* at 5.
[20] *Id.*
[21] *Id.* at 8.
[22] Fed. R. Civ. P. 8(a)(3).

Factual allegations may not be speculative but must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[24] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[25] A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.

Plaintiff's Amended Complaint lacks a permissible demand of relief because he sues Defendants in both their individual and official capacities and seeks damages. Defendants sued in their official capacities may only be sued for injunctive relief, not damages. While Plaintiff's demand for damages is clear, the type of injunctive relief he may be seeking as required for any official capacity claims is not sufficiently articulated to meet Rule 8 pleading requirements. If Plaintiff chooses to file a second amended complaint, he must select the appropriate capacity and corresponding relief for each Defendant.

### C. Civil Rights Claims Under 42 U.S.C. § 1983

Claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead. Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[26] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for

---

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[24] *Id.*
[25] *Id.* (internal citations and quotations omitted).
[26] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))

Screening Order 5
*Lane v. Gorup, et al.*
2:22-cv-00132-SLG-KFR
Case 3:22-cv-00132-SLG-KFR   Document 11   Filed 10/13/22   Page 5 of 13

violations of the statute in question.[27] Section 1983 does not provide a cause of action for violations of state law.[28]

In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[29] At present, Plaintiff's Amended Complaint alleges sufficient facts to meet these core elements.

Importantly in a § 1983 action, claims must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[30] The required causal connection "may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[31]

Section 1983 requires that a defendant must be "acting under the color of state law."[32] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[33] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[34] A defendant has acted under color of state

---

[27] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).
[28] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).
[29] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
[30] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).
[31] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).
[32] *West v. Atkins*, 487 U.S. 42, 49 (1988).
[33] *West*, 487 U.S. at 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).
[34] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).

law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[35] As alleged, Defendants work for the State of Alaska's Child Support Services Division; accordingly, this element has been met.

### i. Capacity

In a § 1983 action, a state actor defendant may be sued in either an individual or an official capacity. The Amended Complaint names Defendants in both their individual and official capacities, and impermissibly seeks damages from official capacity defendants.

### a. Individual Capacity

In order for a defendant to be individually liable under § 1983, that defendant must personally participate in an alleged rights deprivation.[36] "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[37] A defendant sued in her individual capacity may be held liable for money damages.[38] In order for Plaintiff to sue a defendant in an individual capacity, he must allege facts as to each defendant that if proven would demonstrate that the named defendant (1) personally participated in depriving Plaintiff of his rights and (2) that the defendant's actions caused Plaintiff's injury.

### b. Official Capacity

In a § 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[39] A plaintiff suing a defendant in her official capacity is not required to allege the "named official's personal involvement in the

---

[35] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979) (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[36] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).
[37] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).
[38] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).
[39] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Screening Order 7
*Lane v. Gorup, et al.*
3:22-cv-00132-SLG-KFR
Case 3:22-cv-00132-SLG-KFR Document 11 Filed 10/13/22 Page 7 of 13

acts or omissions constituting the alleged constitutional violation."[40] Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[41] However, a defendant sued in her official capacity may not be sued for damages, only for injunctive relief.[42] In order for Plaintiff to sue a defendant in their official capacity, he must (1) identify the policy he challenges and (2) demonstrate that that particular defendant is able to respond to the injunctive relief he requests.

As stated above, if Plaintiff chooses to file a second amended complaint, he must select the appropriate capacity and corresponding relief for each Defendant.

### ii. Fourteenth Amendment Due Process

#### a. Protected Property Interest

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law."[43] A deprivation of property in violation of the Due Process Clause may be either a substantive or procedural claim. For either type of claim, a plaintiff must establish they have been deprived of a protected property interest and that the state's procedures did not comply with due process.[44]

To succeed on a procedural due process claim, a plaintiff must demonstrate: 1) a property interest protected by the Constitution; 2) a deprivation of that interest by the state; and 3) a lack of process.[45] At the fundamental level, procedural due process requires "some kind of notice" and "some kind of hearing" before a state can deprive a person of a protected property interest.[46] To succeed on a substantive due process claim, a plaintiff must demonstrate: 1) a deprivation of a protected property

---

[40] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).
[41] *Id.*
[42] *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 n.10.
[43] U.S. Const. amend. XIV § 1.
[44] *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999).
[45] *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008).
[46] *Zinermon v. Burch*, 494 U.S. 113, 127-28 (1990).

interest, and 2) that the defendant's conduct shocks the conscience and offends "the community's sense of fair play and decency."[47]

Plaintiff appears to allege sufficient facts to establish a violation of his due process rights under the Fourteenth Amendment as they relate to a protected property interest.

### b. Interference with Parent-Child Relationship

Parents and children possess a liberty interest in companionship and society with each other, which is protected by the Due Process Clause.[48] A claim of interference with the parent-child relationship may be brought as either a procedural due process claim or a substantive due process claim. Procedural due process claims typically arise when a state official removes a child from her parent's care. For such claims, "[t]he Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies."[49] Substantive due process claims typically involve egregious conduct or the use of excessive force. But official conduct only violates substantive due process when it "shocks the conscience."[50] There are two standards under the overarching test of whether the official's conduct "shocks the conscience": the more demanding "purpose to harm" standard and the lesser "deliberate indifference" standard.[51] To determine which of the two standards govern, courts look at the context of the events leading to the deprivation.[52]

In Claim Two, Plaintiff alleges "irreparable injury to the father son dynamic"

---

[47] *Marsh v. Cnty of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012) (relying on *Rochin v. California*, 342 U.S. 165, 172-73 (1952)).
[48] *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc); *Kelson v. City of Springfield,* 767 F.2d 651, 654 (9th Cir. 1985).
[49] *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (quoting *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001)).
[50] *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)).
[51] *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).
[52] *See Id.*

because of the child support improperly taken from him, without due process, and the misuse of those funds.[53] Plaintiff appears to allege sufficient facts to establish a violation of his substantive due process rights under the Fourteenth Amendment as it relates to a protected liberty interest.

### D. Subject Matter Jurisdiction

Because Plaintiff challenges his child support obligations without sufficient factual detail, the Court cannot determine at this time whether it has subject matter jurisdiction over this action. First, the Court cautions Plaintiff that to the extent he seeks to challenge the state court order and judgment of his child support obligations, the Court may have to abstain because federal district courts do not have appellate jurisdiction over state courts.[54] Second, if Plaintiff has ongoing state court actions regarding the support or custody of his children, this Court may have to abstain because federal district courts may not interfere with ongoing enforcement proceedings in state courts.[55]

## III. CONCLUSION

Plaintiff's Amended Complaint does not fully satisfy the Rule 8 pleading requirements as it relates to his demand for relief, nor does it fully meet the elemental pleading requirements of a civil rights action under § 1983, specifically as it relates to the capacity in which Defendants are sued and the corresponding relief Plaintiff seeks. Accordingly, the Court dismisses the Amended Complaint, but grants leave to amend in accordance with the guidance provided above.

---

[53] Dkt. 5 at 4.

[54] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (establishing the *Rooker-Feldman* doctrine that federal district courts lack subject-matter jurisdiction to hear an appeal from a state court); *see also Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curium); quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

[55] *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (extending the abstention principles established in *Younger v. Harris*, 401 U.S. 37 (1971) to civil matters).

**IT IS THEREFORE ORDERED:**

**1.** The Amended Complaint is dismissed for failure to state a claim upon which relief can be granted. The Court grants leave to amend.

**2.** The Prisoner's Application to Waive Prepayment of the Filing Fee at Docket 2 is **GRANTED**. Should Plaintiff state a claim in his amended pleadings, a separate fee order shall issue. The Court cautions Plaintiff that the Court may only waive <u>prepayment</u> of the $402.00 filing fee and that the entire fee must be collected incrementally in accordance with 28 U.S.C. 1915(b).

**3.** Motion Requesting Volunteer Attorney at Docket 6 is **DENIED AS PREMATURE**. However, the Court advises Plaintiff that generally a person has no federal right to an appointed attorney in a civil action.[56] Additionally, although the Court may request a volunteer attorney in exceptional cases, it has no power to make a mandatory appointment.[57]

**4.** The Motion for Summary Judgment at Docket 8 is **DENIED AS PREMATURE**, because there is no operative complaint. Further, a motion for summary judgment must comply with Rule 56 of Federal Civil Procedure and traditionally occurs after discovery and evidence gathering has occurred.

**5.** The Motion for Relaxation of Rules at Docket 9 is **DENIED**. A self-represented litigant is bound by the same procedural rules that govern other litigants.[58] A court may act with leniency towards a self-represented litigant for procedural violations, but the litigant is not excused from the rules that govern court proceedings.[59] To the extent that Plaintiff is concerned regarding service, there is no operative complaint to serve upon Defendants at this time. Should Plaintiff state actionable

---

[56] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[57] *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

[58] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

[59] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F.Supp.2d 965, 976 (2012).

claims in amended pleadings, the Court will issue an order giving guidance on proper service at that time.

6. Plaintiff has until **November 14, 2022** to file either:

   **a.** <u>Second Amended Complaint</u>, in which Plaintiff restates his claims with additional factual details. Any Second Amended Complaint *should be on the Court's form*, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[60]

   **b.** <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to withdraw his action and preserve his claims for litigation at a later date.

7. If Plaintiff does not file either a Second Amended Complaint or a Notice of Voluntary Dismissal by **November 14, 2022,** this case may be dismissed without further notice to Plaintiff.[61]

8. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

9. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

10. The Clerk of Court is directed to send Plaintiff the following forms with this

---

[60] Local Civil Rule 15.1.
[61] *See* Fed. R. Civ. P. 41(b).

Order: (1) PS01 Prisoner's Civil Rights Complaint with "SECOND AMENDED"; (2) form PS21, Pro Se Notice; (3) form PS 12, Pro Se Motion; (4) form PS23, Notice of Change of Address; and (5) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 13th day of October, 2022 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska