# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

DOUGLAS N. LANE,

                    Plaintiff,

          v.                                     Case No. 3:22-cv-00132-SLG-KFR

CHELSEA GORUP, *et al.*,

                    Defendants.

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

## WITHOUT PREJUDICE

On May 24, 2022, Douglas N. Lane, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint Under The Civil Rights Act, 42 U.S.C. § 1983, a Prisoner's Application to Waive Prepayment of the Filing Fee, and a civil cover sheet.[1] Subsequently, Plaintiff filed a Letter to the Court, a First Amended Complaint (hereinafter "Amended Complaint"), a Motion to Appoint Counsel, a Motion for Summary Judgment, and a Motion for Relaxation of the Rules.[2] The Court issued a screening order on October 13, 2022, dismissing Plaintiff's Complaint for failure to state a claim upon which relief could be granted, but granted him leave to amend his complaint or file a notice of voluntary dismissal.[3] Plaintiff subsequently filed a Motion to Amend his Complaint, a Second Amended Complaint and a Motion to Appoint Counsel.[4]

The Court now screens Plaintiff's Second Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A,[5] and offers its report and recommendation.

---

[1] Docs. 1, 2, & 4.
[2] Docs. 5–9.
[3] Doc. 11.
[4] Docs. 12-14.
[5] *See* Fed. R. Civ. P. 15(a); Local Civil Rule 15.1; *Ramirez v. Cnty. of San Bernardino*, 806 F.3d.

# SCREENING STANDARD

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.[6]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[7] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[8] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [10]

---

1002, 1008 (9th Cir. 2015) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)) (stating "an amended complaint supersedes the original, the latter being treated thereafter as non-existent").

[6] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**DISCUSSION**

2      Plaintiff alleges Fourteenth Amendment due process violations against three

3  child support specialists with the State of Alaska's Child Support Services Division

4  pursuant to 42 U.S.C. § 1983.  As a threshold matter, Plaintiff's Second Amended

5  Complaint does not provide facts to indicate that the Court has subject matter

6  jurisdiction to hear this case as currently pled. The *Rooker-Feldman* doctrine,

7  detailed below, prohibits the Court from exercising jurisdiction over a de facto state

8  court appeal. Accordingly, the Court recommends dismissing Plaintiff's Second

9  Amended Complaint without prejudice.

10  **I.      Second Amended Complaint**

11      In his Second Amended Complaint, Plaintiff sues Child Support Manger Mike

12  Miller, and Child Support Specialists Chelsea Gorup and Lori McDonnel (hereinafter

13  "Defendants"), all in their individual capacities.[11]  Broadly, Plaintiff alleges that the

14  ordering and implementation of his child support obligations violates his Fourteenth

15  Amendment due process rights, and that Defendants lacked subject matter

16  jurisdiction to implement such obligations.[12]

17      In Claim One, Plaintiff alleges that on or about August 21, 2021, Defendant

18  Miller, acting under the authority of the State of Alaska, violated his right to due

19  process by "ordering administratively an obligation of support without adequate

20  notice and audience or participation by myself all while lacking subject matter

21  jurisdiction to do so."[13]  Plaintiff alleges that this order to make child support

22  payments and the subsequent seizure of his money "during Covid-19 pandemic under

23

---

24  [11] Doc. 13 at 2. The Court dismissed Plaintiff's First Amended Complaint with leave to amend
    because it did not meet Rule 8 pleading requirements as it related to his demand for relief,
25  and it did not fully meet the elemental pleading requirements of a civil rights action under
    § 1983 because Plaintiff sued Defendants in both their individual and official capacities, and
26  sought both injunctive relief and damages, which is impermissible. *See* Screening Order at
27  Doc. 11.
    [12] *Id*. 3-4.
28  [13] *Id*. at 3.

Report and Recommendation                        3
*Lane v. Gorup, et al.*

State of Emergency under A.S. § 11.51.120(d) non payment of support is a class C Felony requiring A.S. § 25.27.250 legal assistance by department of law."[14]

In Claim Two, Plaintiff alleges that on or about August 21, 2021, Defendant "McDonnel, while under the authority of the state of Alaska violated my Due Process Rights" by "personally assisting in an order obligating administratively on order of said support."[15] Plaintiff further alleges that the order obligating child support payment lacked subject matter jurisdiction, notice to him, and participation by him.[16]

In Claim Three, Plaintiff alleges that on or about August 21, 2021, Defendant Gorup violated his right to due process by continuing the "extortion" of his money via child support obligation. Plaintiff claims that "[t]he predatory collection practices demonstrated by [Defendant Gorup] in the face of overwhelming evidence challenging the validity of the order have had profound monetary and emotionally negative impacts on my family unit."[17]

In support of his Complaint, Plaintiff submits Exhibits A-D, consisting of his 2012 Administrative Child Support and Medical Support Order; Alaska Child Support Services Division Automated Audit Report Summary dated July 15, 2022, referencing case number 001183655; a letter addressed to Plaintiff from Defendant Gorup listing his two child support case numbers; and Alaska Child Support Services Division Automated Audit Report Summary dated July 15, 2022, referencing Plaintiff's second child support case number, 001151323, respectively.[18]

For relief, Plaintiff requests: 1) $33,451.02 in damages; 2) $2,500,000.00 in punitive damages; 3) an order requiring Defendants to "[p]ay all Legal and Court

---

[14] *Id.*
[15] *Id.* at 4.
[16] *Id.*
[17] *Id.* at 5.
[18] Docs. 13-1-4.

Report and Recommendation
*Lane v. Gorup, et al.*
3:22-cv-00132-SLG-KFR

4

1    Fees involved."[19] Plaintiff does not seek trial by jury.[20]

2    **II.    Subject Matter Jurisdiction - *Rooker-Feldman* Doctrine**

3        The Court previously warned Plaintiff in its last screening order that because

4    Plaintiff challenged his child support obligations without sufficient factual detail,

5    the Court could not determine at that time whether it had subject matter jurisdiction

6    over this action.[21] Plaintiff's Second Amended Complaint and supporting exhibits

7    make it clear that he is in fact seeking to challenge a State of Alaska court order and

8    judgment of his child support obligations. What remains unclear to the Court is

9    whether Plaintiff ever began an appeal of this state court decision, is in the process

10   of doing so, or if he ever received a final judgment on that appeal that might then

11   permit federal jurisdiction.

12       As the Court previously mentioned in its Screening Order, the *Rooker-Feldman*

13   doctrine "prohibits a federal district court from exercising subject matter

14   jurisdiction over a suit that is a de facto appeal from a state court judgment."[22] A de

15   facto appeal occurs "when the federal plaintiff both asserts as [his] injury legal error

16   or errors by the state court and seeks as [his] remedy relief from the state court

17   judgment."[23] If the plaintiff has brought a de facto appeal, then *Rooker-Feldman*

18   dictates that the district court cannot review any issues presented in the suit that

19   are "inextricably intertwined" with the de facto appeal.[24]

20       Although the *Rooker-Feldman* doctrine is generally a narrow exception to this

21   Court's jurisdiction, here, it appears to bar Plaintiff's claim. Plaintiff's allegations

22   ---

[19] *Id.* at 8.

23   [20] *Id.*

[21] Doc. 11.

24   [22] *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

[23] *Id.* at 1140 (finding that allegations of extrinsic fraud committed by adverse party on the

25   state court was not a de facto appeal because it was not an error by the state court); *see also*

*Ismail v. Cnty. of Orange*, 693 Fed. App'x 507, 510 (9th Cir. 2017) (finding that allegations

26   of extrinsic fraud that the state court had already addressed were barred by *Rooker-*

27   *Feldman*).

[24] *Kougasian*, 359 F.3d at 1142 (citing D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 483

28   n.16 (1983)).

Report and Recommendation                                    5
*Lane v. Gorup, et al.*
3:22-cv-00132-SLG-KFR

against Defendants challenge the legal rulings and procedural findings in his child custody case. Plaintiff submits exhibits in support of his claim that list case numbers, as well as contact information regarding his child support case.[25] His claims against Defendants stem from the state court clerks' administrative procedures as applied to him, and his claimed injury stems from alleged errors by the state court judgment that resulted in the child support obligations he disputes and seeks relief from.[26]

Plaintiff's Complaint does not indicate that he presented his case in the state court, where he must first proceed, before turning to federal court with hopes for a different outcome. As the Supreme Court explained, the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[27] His suit in federal court is a de facto appeal from the state court's order resulting in his child support obligations.

If Plaintiff has not appealed his state court order in state court, he must begin there and receive a judgment before he may consider taking it to federal court. If Plaintiff has ongoing state court actions regarding the support or custody of his children, this Court must abstain because federal district courts may not interfere with ongoing enforcement proceedings in state courts.[28]

Thus, this Court has no jurisdiction over Plaintiff's claims, as plead, which appear to be de facto appeals of his State of Alaska child custody case. The Court previously granted Plaintiff an opportunity to amend his Complaint. At this stage, further amendment of Plaintiff's Complaint would not cure the deficiencies and

---

[25] Docs. 13-1-4.
[26] Doc. 13 at 8.
[27] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)
[28] *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (extending the abstention principles established in *Younger v. Harris*, 401 U.S. 37 (1971) to civil matters).

1    would be futile.[29]

2                              **CONCLUSION**

3          Plaintiff's Second Amended Complaint appears to be a de facto appeal of his

4    State of Alaska 2012 Administrative Child Support and Medical Support Order.

5    Without the conclusion of a formal appeal in state court, the *Rooker-Feldman*

6    doctrine prohibits federal jurisdiction over Plaintiff's claims. Accordingly, the Court

7    recommends **DISMISSING** Plaintiff's Second Amended Complaint without prejudice.

8    Plaintiff should be directed to pursue his appeal in state court or show proof of

9    appellate judgment. The Court further recommends that all pending motions be

10   **DENIED** as moot.

11                          **CAUTION TO PLAINTIFF**

12         The Court recommends Dismissal of Plaintiff's Complaint without prejudice

13   but provides the following analysis to caution Plaintiff regarding his claims should

14   he seek an appeal in state court and chose to return to this Court afterwards.

15   **I.      Failure to State a Claim**

16         Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must

17   contain a "short and plain statement of the claim showing that the [complainant] is

18   entitled to relief." A complaint should set out each claim for relief separately. Each

19   claim should identify (1) the specific harm that Plaintiff is alleging has occurred to

20   him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he

21   is alleging caused that specific harm to him. Importantly, a complaint must also

22   include a demand for the relief sought.[30] This requires that a complaint articulate

23   what relief a plaintiff requests, for example money damages, injunctive relief, or

24   some other equitable remedy.

25         Factual allegations may not be speculative but must plead "factual content

26
     ---
27   [29] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*,
     845 F.2d 193, 195 (9th Cir. 1988)); *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*,
     806 F.2d 1393, 1401 (9th Cir. 1986).
28   [30] Fed. R. Civ. P. 8(a)(3).

Report and Permission                    7
*Lane v. Gorup, et al.*
3:22-cv-00132-SLG-KFR
Case 3:22-cv-00132-SLG-KFR   Document 15   Filed 12/14/22   Page 7 of 11

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31]  While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[32]  A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[33]  A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.

Plaintiff's Second Amended Complaint does not appear to meet the Rule 8 pleading requirements because it does not show that he is entitled to any relief. To the contrary, Exhibit A submitted with his Second Amended Complaint shows that he was informed on August 21, 2012, of his obligations via an Order for Administrative Child Support and Medical Support. This order clearly stated that if he did not "request an administrative review in writing within 30 days after [he was] served with this order, this order automatically becomes effective 30 days after service of this notice," which complies with Alaska Statute 25.27.160 and Alaska Administrative Code 15:125.150.[34]  This Order tells the Court that Plaintiff appears to have been properly noticed and given the opportunity to be heard. The Court sees no Fourteenth Amendment due process violations based on Plaintiff's claims and supporting documentation, and thus no relief could be granted under these facts.

**II.    Civil Rights Claims Under 42 U.S.C. § 1983**

Claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead.  Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[35] Constitutional rights are those conferred by the U.S. Constitution to individual

---

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[32] *Id.*
[33] *Id.* (internal citations and quotations omitted).
[34] Doc. 13-1 at 2.
[35] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Report and Recommendation                8
*Lane v. Gorup, et al.*
3:22-cv-00132-SLG-KFR
Case 3:22-cv-00132-SLG-KFR   Document 15   Filed 12/14/22   Page 8 of 11

citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[36]  Section 1983 does not provide a cause of action for violations of state law.[37]

In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[38]  Plaintiff's Second Amended Complaint does not allege sufficient facts to meet the first required element, a violation of rights protected by the Constitution or created by Federal statute.  As stated above, Plaintiff's Exhibit A submitted in support of his Second Amended Complaint refutes his argument that his due process rights were violated.

### III.    Fourteenth Amendment Due Process - Protected Property Interest

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law."[39]  A deprivation of property in violation of the Due Process Clause may be either a substantive or procedural claim.  For either type of claim, a plaintiff must establish they have been deprived of a protected property interest and that the state's procedures did not comply with due process.[40]

To succeed on a procedural due process claim, a plaintiff must demonstrate: 1) a property interest protected by the Constitution; 2) a deprivation of that interest by the state; and 3) a lack of process.[41]  At the fundamental level, procedural due

---

[36] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).

[37] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[38] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

[39] U.S. Const. amend. XIV § 1.

[40] *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999).

[41] *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008).

process requires "some kind of notice" and "some kind of hearing" before a state can deprive a person of a protected property interest.[42]  To succeed on a substantive due process claim, a plaintiff must demonstrate: 1) a deprivation of a protected property interest, and 2) that the defendant's conduct shocks the conscience and offends "the community's sense of fair play and decency."[43]

As stated above, Plaintiff does not allege sufficient facts as currently pled to establish a violation of his due process rights under the Fourteenth Amendment as they relate to a protected property interest. Again, Plaintiff's Exhibit A refutes his arguments here.

DATED this 14th day of December, 2022 at Anchorage, Alaska.

_s/ Kyle F. Reardon_
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court.  For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[44]  A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[45]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[46]  Objections and responses are limited to five (5) pages in length and

---

[42] _Zinermon v. Burch_, 494 U.S. 113, 127-28 (1990).

[43] _Marsh v. Cnty of San Diego_, 680 F.3d 1148, 1154 (9th Cir. 2012) (relying on _Rochin v. California_, 342 U.S. 165, 172-73 (1952).

[44] 28 U.S.C. § 636(b)(1)(B).

[45] 28 U.S.C. § 636(b)(1)(C).

[46] _Id._

Report and Recommendation
_Lane v. Gorup, et al._
3:22-cv-00132-SLG-KFR

10

should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[47]

---

[47] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Report and Recommendation
*Lane v. Gorup, et al.*
3:22-cv-00132-SLG-KFR

11

Case 3:22-cv-00132-SLG-KFR   Document 15   Filed 12/14/22   Page 11 of 11