# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DOUGLAS N. LANE,

        Plaintiff,

    v.

CHELSEA GORUP et al.,         Case No. 3:22-cv-00132-SLG-KFR

        Defendants.

## ORDER RE REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

Before the Court are the following filings: at Docket 12 is Douglas N. Lane's *Motion to Amend Amended Complaint*, at Docket 13 is a *Second Amended Complaint Under the Civil Rights Act, 42 U.S.C. § 1983*, and at Docket 14 is a *Motion to Appoint Counsel*. These matters were referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 15 Judge Reardon issued a *Report and Recommendation to Dismiss Plaintiff's Complaint Without Prejudice* in which he recommended this action be dismissed without prejudice and that all pending motions be denied as moot. Mr. Lane filed objections to the *Report and Recommendation* at Docket 16.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

Based on the Court's review of the *Report and Recommendation* and the record as a whole, the Court finds as follows:

The Court ADOPTS Section I of the report (Second Amended Complaint), as to which no objection was made.

Section II addressed whether this Court has subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The magistrate judge concluded that Mr. Lane's Second Amended Complaint was a de facto appeal of a state court judgment, and accordingly, the *Rooker-Feldman* doctrine precluded this Court from exercising subject matter jurisdiction over this suit. The magistrate judge further recommend dismissal of the action, because "further amendment of Plaintiff's Complaint would not cure the deficiencies and would be futile."[4]

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 15 at 6-7.

Case No. 3:22-cv-00132-SLG-KFR, *Lane v. Gorup et al.*
Order re Report and Recommendation to Dismiss Plaintiff's Complaint Without Prejudice
Page 2 of 6
Case 3:22-cv-00132-SLG-KFR   Document 18   Filed 01/18/23   Page 2 of 6

Mr. Lane objects to this portion of the report. First, Mr. Lane contends that the magistrate judge incorrectly characterized the child support order as a state court order rather than a state administrative order. Second, Mr. Lane asserts he did not receive adequate notice of his rights regarding the entry of the administrative support order, which created arrearages with criminal implications. Third, Mr. Lane maintained the "Administration"—which this Court takes to mean the Child Support Services Division (CSSD) under the Alaska Department of Revenue—"lacked Subject Matter Jurisdiction to rule on a criminal matter."[5]

The Court has reviewed de novo Section II of the *Report and Recommendation*. The Court agrees with Mr. Lane that the *Rooker-Feldman* doctrine is inapplicable here because the child support order was issued by an administrative agency rather than a state court,[6] such that no state court decision is at issue here. Accordingly, Mr. Lane's objection that the child support order was incorrectly characterized as a state court order is SUSTAINED and the Court declines to adopt Section II of the *Report and Recommendation*.

As to Mr. Lane's assertions that he did not receive adequate notice of his rights, the Court finds that Mr. Lane has not plausibly alleged a violation of his right to procedural due process. "Due process requires notice that gives an agency's

---

[5] Docket 16 at 1-2.

[6] Docket 13-1 at 2; *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n.3 (2002) ("The [*Rooker-Feldman*] doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency.").

Case No. 3:22-cv-00132-SLG-KFR, *Lane v. Gorup et al.*
Order re Report and Recommendation to Dismiss Plaintiff's Complaint Without Prejudice
Page 3 of 6
Case 3:22-cv-00132-SLG-KFR   Document 18   Filed 01/18/23   Page 3 of 6

reason for its action in sufficient detail that the affected party can prepare a responsive defense."[7] "The fundamental requisite of due process of law is the opportunity to be heard."[8] The child support order included several attachments, one of which was the Child Support Guidelines Worksheet demonstrating how the CSSD calculated Mr. Lane's support obligation.[9] The Court finds this attachment to constitute notice of the CSSD's reason for its action in sufficient detail that Mr. Lane could have prepared a responsive defense.

Furthermore, the first page of the child support order issued to Mr. Lane included a notice stating he had a right to challenge the administrative order by requesting an administrative review within 30 days, and that the order would only become effective if no request for review was received.[10] Another attachment to the order was a two-page document explaining the order and Mr. Lane's options to accept or contest the order.[11] The document included instructions on how to request an administrative review and what documents to include with the request.[12]

---

[7] *Barnes v. Healy*, 980 F.2d 572, 579 (9th Cir. 1992) (citing *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970)).

[8] *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970).

[9] Docket 13-1 at 8, 10-11.

[10] Docket 13-1 at 2.

[11] Docket 13-1 at 13-14. The explanation stated, in bold: "REMEMBER, failure to respond to this order will result in the order becoming a legal and binding order by default. You must request an Administrative Review within 30 days of receiving this order if the enclosed order does not reflect your financial circumstances."

[12] Docket 13-1 at 13-14.

Case No. 3:22-cv-00132-SLG-KFR, *Lane v. Gorup et al.*
Order re Report and Recommendation to Dismiss Plaintiff's Complaint Without Prejudice
Page 4 of 6
Case 3:22-cv-00132-SLG-KFR   Document 18   Filed 01/18/23   Page 4 of 6

This record demonstrates that CSSD provided Mr. Lane an opportunity to be heard and thereby accorded him with due process of law.[13] And, while the nonpayment of support can result in a criminal prosecution, with all the attendant rights then accorded to a criminal defendant, the administrative order entered by the CSSD is not a criminal conviction.

As a final matter, the Court finds that Mr. Lane's claims are barred by the statute of limitations. Federal constitutional claims under 28 U.S.C. § 1983 must be brought within the timeframe required by the applicable state statute of limitations for personal injury actions.[14] Alaska's statute of limitations for personal injury actions is two years.[15] Mr. Lane initiated the instant action in May 2022, almost 10 years after the administrative support order in question was issued in August 2012.[16] Accordingly, Mr. Lane's remaining objections are OVERRULED.

The Court further finds that according Mr. Lane an additional opportunity to file an amended complaint would be futile. Therefore, this action will be dismissed and this action terminated without further leave to amend.

---

[13] Further, by law, if Mr. Lane was dissatisfied with the results of the Administrative Review, he had a right to an administrative hearing, and, if dissatisfied with the results of that hearing, he had the right to appeal the determination to the Alaska Superior Court, and then to the Alaska Supreme Court. *See* AS 25.27.170; 25.27.210.

[14] *Wilson v. Garcia*, 471 U.S. 261, 261-62 (1985).

[15] AS § 09.10.070.

[16] Docket 13-1 at 2.

Case No. 3:22-cv-00132-SLG-KFR, *Lane v. Gorup et al.*
Order re Report and Recommendation to Dismiss Plaintiff's Complaint Without Prejudice
Page 5 of 6
Case 3:22-cv-00132-SLG-KFR   Document 18   Filed 01/18/23   Page 5 of 6

For the foregoing reasons, the Court adopts those portions of the *Report and Recommendation to Dismiss Plaintiff's Complaint Without Prejudice* as set forth above, and IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE. All pending motions are DENIED AS MOOT.

DATED this 17th day of January, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00132-SLG-KFR, *Lane v. Gorup et al.*
Order re Report and Recommendation to Dismiss Plaintiff's Complaint Without Prejudice
Page 6 of 6
Case 3:22-cv-00132-SLG-KFR   Document 18   Filed 01/18/23   Page 6 of 6